**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 12 2000**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ROY GENE EASTERWOOD,

   Petitioner - Appellant,

vs.

RON CHAMPION; ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

   Respondents - Appellees.

No. 99-7103

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA
(D.C. No. 98-CV-553-BU)

---

Submitted on the briefs:[*]

Roy Gene Easterwood, pro se.

W.A. Drew Edmondson, Attorney General, State of Oklahoma and Kellye Bates,
Assistant Attorney General, Oklahoma City, Oklahoma, for Respondents -
Appellees.

---

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.

---

  [*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G).  The cause therefore
is ordered submitted without oral argument.

**KELLY**, Circuit Judge.

Roy Easterwood, an inmate appearing pro se, seeks to appeal from the denial of his third habeas petition, 28 U.S.C. § 2254. We granted Mr. Easterwood permission to bring this petition based upon evidence discussed in Williamson v. Ward, 110 F.3d 1508 (10th Cir. 1997) "regarding the competency of the state's expert witness who testified at [Mr. Easterwood's] trial as to his sanity." Easterwood v. Champion, No. 98-7138, at 2 (10th Cir. Oct. 28, 1998). Mr. Easterwood subsequently filed this habeas petition on November 23, 1998, claiming that he had been "tried, convicted and sentenced while in-fact incompetent/insane." The district court dismissed the petition as time-barred and we granted a certificate of appealability on the following question: "Did the district court err in dismissing appellant's substantive competency claim as time-barred under 28 U.S.C. § 2244(d)?"[1] We now reverse.

---

[1] In granting a certificate of appealability, we required the state to file a brief on the certified question. Rather than addressing the time bar issue, however, the state asserts that Mr. Easterwood never raised the issue of substantive competency in his habeas petition before the district court. The state interprets Mr. Easterwood's claim solely as one of insanity at the time of the commission of the act and, therefore, argues that substantive competency is not properly before this court.

We disagree. It is well recognized that pro se pleadings are to be construed liberally. See generally Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999). Although Mr. Easterwood's claim is not stated as clearly as possible, Issue #1 of his habeas petition is specifically entitled "tried, convicted and sentenced while

In 1979, Mr. Easterwood was charged in Oklahoma with the crime of first degree murder. As one of his defenses, Mr. Easterwood presented the testimony of several experts that he was insane at the time of committing the act, as well as insane at the time of trial. See generally Easterwood v. State, No. F-80-418 (Okla. Crim. App. Sept. 14, 1982) (direct criminal appeal) (discussing testimony of experts that, at time of trial, Mr. Easterwood was incapable of making distinction between right and wrong). In response, the state presented a single expert, Dr. R. D. Garcia, who testified that, in his opinion, defendant was not insane at the time of the offense and was competent to stand trial. Based upon this testimony, the jury found that Mr. Easterwood was competent, convicted him of first degree murder, and sentenced him to life imprisonment.

On April 10, 1997, this court issued an opinion in Williamson v. Ward, 110

---

in-fact incompetent/insane." The rest of the habeas petition, when read in light of this title, is sufficient to demonstrate that Mr. Easterwood is raising a substantive competency claim.

Moreover, despite the state's assertion, the previous order of this court granting permission to file a successive habeas petition did not limit Mr. Easterwood to an "insane at the time of the act" defense. That order stated: "[Mr. Easterwood] has made 'a sufficient showing of possible merit to warrant a fuller exploration by the district court' that 'but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.'" Easterwood v. Champion, No. 98-7138, at 2. A substantive competency claim involves a constitutional right not to be tried while incompetent, see Barnett, 174 F.3d at 1133, while an "insane at the time of the act" defense is a non-constitutional defense aimed at the mens rea element of the crime. Because our previous order referred to constitutional error, it is clear that a substantive competency claim was presumed.

F.3d 1508 (10th Cir. 1997). That case discussed the fact that in 1979, Dr. R.D. Garcia was suffering "from severe untreated bipolar disorder" which was possibly severe enough to "'impair and distort his diagnostic judgment.'" Id. at 1519 (citation omitted). Mr. Easterwood discovered this case in the prison law library on August 12, 1998 and filed his Application for Leave to File a Successive Habeas Corpus Petition with this court on October 5, 1998.

Under 28 U.S.C. § 2244(d)(1)(D), a habeas petition may be brought within one year of "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." In the instant case, the factual predicate for Mr. Easterwood's claim (i.e. new evidence) is the mental instability of Dr. Garcia discussed in Williamson. The district court held that Mr. Easterwood could have discovered this information on the date that the Williamson opinion was issued, i.e. April 10, 1997. Because Mr. Easterwood did not attempt to file a successive habeas petition until October 5, 1998 – over one year after the Williamson opinion was issued – he was time barred.

In a denied motion for reconsideration and now on appeal, Mr. Easterwood challenges this determination and points out that § 2244(d)(1)(D) requires the one year limitation to run from the date on which the information was discoverable by "due diligence." Mr. Easterwood argues that, for a prisoner, a case is

discoverable by "due diligence" on the date the opinion became accessible in the prison law library, not the date the opinion was issued. We agree. Unlike the general population which has greater access to court opinions, prisoners must rely exclusively upon the prison law library to discover information contained in new cases. Holding that a prisoner could with "due diligence" discover information related in a case before the prison law library has access to a copy of the opinion simply ignores the reality of the prison system.

Mr. Easterwood submitted a request form to the prison law library with the following question: "On what month, day and year did Williamson v. Ward, 110 F.3d 1508 (10th 1997), become accessable [sic] to the population in the law library." The law library supervisor responded in a signed statement: "The Mack Alford Correctional Center, Law Library received a copy of the Hard Back Book (Vol. 110 Federal Reporter 3rd) July 15, 1997." Therefore, the one year limitations period did not begin to run until July 15, 1997.[2]

Without more, the one year limitation would still act as a bar because the

_____

[2]We have no information whether an advance sheet or soft back copy of Williamson may have been accessible in the prison law library before the hard back copy of 110 F.3d arrived. On remand, the state is free to make an offer of proof that Williamson was available to Mr. Easterwood before July 15, 1997. Likewise, the district court is not necessarily limited to determining when the prison law library had a copy of Williamson–it also may consider any evidence that Mr. Easterwood had access to the information about Dr. Garcia through means other than Williamson.

instant habeas petition was not filed until November 23, 1998. However, on April 16, 1998, Mr. Easterwood filed a post-conviction application in Oklahoma state court, which effectively tolled the limitations period under 28 U.S.C. § 2244(d)(2). His application was denied by the state district court on June 15, 1998. The limitations period did not begin to run again until August 28, 1998, when the denial of post-conviction relief was affirmed by the Oklahoma Court of Criminal Appeals. Because there were approximately ninety days left in the limitations period (i.e. April 16, 1998 to June 15, 1998), Mr. Easterwood would have had until November 28, 1998 to file his habeas petition. However, this period was further tolled during the twenty-three days that Mr. Easterwood's request to file a successive habeas petition was pending before this court. Therefore, the one year limitations period did not run until approximately December 20, 1998, and Mr. Easterwood's November 23, 1998 filing was timely.

The decision of the district court is REVERSED, the case is REMANDED for further proceedings consistent with this order and judgment, and Mr. Easterwood's Motion to Re-Visit and Re-Call Prior Mandate is DENIED.