APPENDIX

Roy Gene **EASTERWOOD**, Petitioner–Appellant,

v.

Ron **CHAMPION**; Attorney General of the State of Oklahoma, Respondents–Appellees.

No. 01–7054.

United States Court of Appeals, Tenth Circuit.

Oct. 10, 2001.

Before EBEL, KELLY and LUCERO, Circuit Judges.

## ORDER AND JUDGMENT *

EBEL, Circuit Judge.

Petitioner–Appellant, Roy Easterwood, is currently serving a life sentence for first-degree murder at the Mack Alford Correctional Center in Springtown, Oklahoma. He is appealing the dismissal of his habeas corpus petition as untimely by the United States District Court for the East-ern District of Oklahoma. He also seeks a certificate of appealability from this court.

At his 1979 trial, Mr. Easterwood argued that he was mentally insane at the time of the offense and mentally incompetent throughout his trial. In response to Mr. Easterwood's defense, Oklahoma presented the testimony of a single expert, Dr. R.H. Garcia, who testified that Mr. Easterwood was both sane at the time of the act and competent to stand trial.

In an April 10, 1997 opinion, *Williamson v. Ward*, 110 F.3d 1508 (10th Cir.1997), this court noted that in 1979 Dr. Garcia suffered from a severe bipolar disorder that rendered his judgment and diagnostic skills suspect. *Id.* at 1519. On August 12, 1998, Mr. Easterwood discovered our *Williamson* opinion and its discussion of Dr. Garcia's mental condition while looking through the annotations of a criminal law reporter. Armed with this information, Mr. Easterwood filed an Application for Leave to File a Successive Habeas Petition with this court on October 5, 1998. We granted Mr. Easterwood's application on October 23, 1998, and he filed a habeas corpus petition with the District Court on November 23, 1998.[1]

The District Court then dismissed Mr. Easterwood's petition, ruling that Mr. Easterwood had failed to bring his habeas petition within one year of the reasonable discoverability of Dr. Garcia's mental instability, as required under 28 U.S.C. § 2244(d)(1)(D).[2] In reaching this conclusion, the District Court held that if Mr. Easterwood had been exercising the "due diligence" required by § 2244(d)(1)(D), he

---

* After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R.App. P. 34(f) and 10th Cir. R. 34.1(G).

1. This is Mr. Easterwood's third habeas petition.

2. 28 U.S.C. § 2244(d)(1)(D) requires state prisoners to file any federal writ of habeas corpus within one year of "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *Id.*

could have discovered Dr. Garcia's mental condition beginning on April 17, 1997, the date our *Williamson* decision issued.

We reversed the District Court, holding that for prisoners, a case will be discoverable through " 'due diligence' on the date the opinion became accessible in the prison library, not the date the opinion was issued." *Easterwood v. Champion*, 213 F.3d 1321, 1323 (10th Cir.2000). The record on appeal indicated that the hardbound volume containing our *Williamson* decision arrived at what was believed to be Mr. Easterwood's correctional facility on July 15, 1997. Because Oklahoma did not present any other evidence indicating when the *Williamson* decision became accessible to Mr. Easterwood, this court treated July 15, 1997 as the starting date for the one-year filing period.

Had Mr. Easterwood not filed any other court actions after July 15, 1997, we explained, the one-year period for filing a federal habeas action would have expired on July 15, 1998. However, on April 16, 1998, Mr. Easterwood filed a state post-conviction application, *id.* at 1323, which tolled the one-year filing deadline. *See* 28 U.S.C. § 2244(d)(2). The one-year deadline began running again on August 28, 1998, when the Oklahoma Court of Criminal Appeals upheld a lower state court's denial of post-conviction relief. Because approximately ninety days remained in the one-year period when Mr. Easterwood filed his post-conviction state petition, he would have had until November 28, 1998, to file his habeas petition. This court, however, tolled the one-year period for an additional twenty-three days to account for the period when we reviewed Mr. Easterwood's application to file a successive habeas petition (i.e, October 5 through October 28, 1998). 213 F.3d at 1324. Consequently, this court concluded that Mr. Easterwood had until December 20, 1998, to file his habeas petition, and thus

that his November 23, 1998 filing was timely.

In remanding the case to the District Court, however, we specifically noted that Oklahoma "was free to offer proof that *Williamson* was available to Mr. Easterwood before July 15, 1997" or that Mr. Easterwood "had access to the information about Dr. Garcia through means other than *Williamson*." *Williamson, Id.* at 1323 n. 2. Before the District Court, Oklahoma presented uncontradicted evidence that from September 24, 1996 through January 29, 1999, Mr. Easterwood was housed in the Dick Conner Correctional Center (DCCC), not the Mack Alford Correctional Center as the record before this court in the prior appeal suggested. Additionally, Oklahoma presented an unrefuted affidavit from Norma Bullock, the Law Library Supervisor for the DCCC, that the *Williamson* decision became available at the DCCC Law Library on May 26, 1997. Consequently, once Oklahoma denied Mr. Easterwood's post-conviction relief on August 28, 1998, Mr. Easterwood had forty days, or until October 7, 1998, to file his federal habeas petition. Mr. Easterwood's filing of an application to file a successive habeas petition with this court on October 5, 1998, again tolled the limitations period. *See Easterwood*, 213 F.3d at 1324. However, when he filed his application, only two days in his original one-year period remained. Thus, when we granted Mr. Easterwood's application on October 28, 1998, he had until October 30, 1998, to file his habeas petition, not December 20, 1998 as we previously suggested. Because Mr. Easterwood did not file his federal habeas petition with the District Court until November 23, 1998, he did not file a timely petition. 28 U.S.C. § 2254(d)(1)(D).

Mr. Easterwood did not deny Oklahoma's evidence before the District Court and he does not challenge the untimeliness

of his application on appeal. Instead, he argues that Oklahoma hampered his timely discovery of the case and denied him meaningful access to the courts by denying him use of Shepard's Citations.[3] *See generally Bounds v. Smith,* 430 U.S. 817, 824–27, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977) (holding that states must give prisoners meaningful access to the courts by either providing adequate legal assistance or access to adequate law libraries). There are two steps to Mr. Easterwood's argument. First, he contends that his mental incompetency claim—the underlying basis of his habeas petition—partially relied on a 1966 Supreme Court decision, *Pate v. Robinson,* 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966). Second, he points out that the District Court decision we partially reversed in *Williamson* based part of its legal analysis on *Pate. See Williamson v. Reynolds,* 904 F.Supp. 1529 (E.D.Okla. 1995). Had he been able to Shepardize *Pate,* Mr. Easterwood argues, he would have discovered our *Williamson* opinion and our discussion of Dr. Garcia in time to file a timely habeas petition.

The District Court denied Mr. Easterwood's request to present additional evidence supporting his Shepard's argument, holding that this line of analysis was outside the scope of our remand order.

We agree that Mr. Easterwood's Shepards argument should not be reviewed. In his prior appeal, Mr. Easterwood specifically argued that the one-year statute of limitations begins to run when an opinion containing information that serves as a

factual predicate for a habeas petition is "accessible in the prison library." *Williamson,* 213 F.3d at 1323. Our holding focused specifically on when the opinion became available in the prison library, not when a defendant could discover it through Shepard's or other secondary research tools. Although Mr. Easterwood could have challenged the lack of Shepard's in his original petition and appeal before this Court, he did not.[4] To examine the Shepard's issue on remand would essentially allow Mr. Easterwood to advance new arguments and claims not originally raised in his habeas petition. *See Smith v. Black,* 970 F.2d 1383, 1389 (5th Cir.1992).

In light of the limited scope of our prior remand order and the late raising of the Shepard's issue we do not believe the District Court erred in refusing to consider Mr. Easterwood's Shepard's argument. Nor can we conclude that Mr. Easterwood's Application for a Certificate of Appealability raises questions as to whether "jurists of reason would find it debatable where the court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Lennox v. Evans,* 87 F.3d 431 (10th Cir.1996); 28 U.S.C. § 2253(c)(2).

We therefore DENY Mr. Easterwood's request for a Certificate of Appealability.

---

**3.** *Evidence in the* record demonstrates that Oklahoma prisons do not shelve Shepard's.

**4.** Indeed, Mr. Easterwood's brief before the District Court details the steps he took prior to August 1998 to accommodate for the lack of Shepard's. For example, he requested that Oklahoma obtain the Shepard's volume covering the *Pate* decision, which the state denied because the volume concerned a case

arising before 1972. Mr. Easterwood then searched through the annotations and indexes of opinion reporters for cases discussing criminal law, habeas corpus relief, mental health, and witnesses. (Record, Doc. 27, 6–7.) In fact, it was through this search that Mr. Easterwood discovered our *Williamson* opinion that triggered the filing of his habeas petition.