**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 22 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MANUAL CRAWFORD,

      Petitioner - Appellant,

v.

STATE OF OKLAHOMA,

      Respondent - Appellee.

Nos. 02-6354 and 02-6371
D.C. No. CIV-02-831-C
(W.D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BRISCOE**, and **LUCERO**, Circuit Judges.

      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

      [*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Manual Crawford, a state prisoner appearing pro se, seeks a certificate of appealability (COA) to appeal the federal district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. We deny a COA and dismiss the appeal.

In 1993, Crawford was convicted by a jury of possession of cocaine after former conviction of two or more felonies, and was sentenced to 90 years' imprisonment. He did not file a direct appeal but on June 30, 1995, he filed a request for post-conviction relief in state court, seeking an appeal out of time. The state court denied relief on July 18, 1995, and the Oklahoma Court of Criminal Appeals (OCCA) affirmed on August 15, 1998. Crawford filed a second application in state court on December 5, 1996, and a third application in state court on February 12, 2002. Both applications were denied and the OCCA affirmed.

Crawford filed his § 2254 petition on June 17, 2002, alleging he was denied his right to appeal due to ineffective assistance of counsel. The district court adopted the magistrate's findings and denied the petition as untimely under 28 U.S.C. § 2244(d)(1). The district court found that no equitable tolling excused the untimeliness of the petition.

Where, as here, a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, a COA should issue if the petitioner demonstrates "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v.

-2-

McDaniel, 529 U.S. 473, 478 (2000).

On April 24, 1996, Congress amended what had been "the long-standing prior practice in habeas corpus litigation that gave a [state] prisoner virtually unlimited amounts of time to file a habeas petition in federal court," and "established a one-year period of limitations for [federal] habeas petitions." Hoggro v. Boone, 150 F.3d 1223, 1225 (10th Cir. 1998) (citing 28 U.S.C. § 2244(d)(1)). By statute, the one-year period of limitations generally begins running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). For prisoners whose convictions became final prior to the Antiterrorism and Effective Death Penalty Act's (AEDPA) effective date (April 24, 1996), the limitations period commences on April 24, 1996, and expires one year later. See Hoggro, 150 F.3d at 1225-26. Under the AEDPA, the one-year limitations period is tolled while a defendant pursues state post-conviction relief, see 28 U.S.C. § 2244(d)(2), and we have held that the one-year limitations period "may be subject to equitable tolling." Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling of the one-year statute of limitations is available only "in rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000).

Having carefully examined the record on appeal, we conclude the district court was correct in finding the § 2254 petition was untimely. Crawford's conviction became final prior to the effective date of the AEDPA. However, his second state post-conviction

application was filed on December 5, 1996, thus tolling the one-year limitations period which had begun on April 24, 1996, until the OCCA affirmed the denial on April 11, 1997. See 28 U.S.C. § 2244(d)(2); Easterwood v. Champion, 213 F.3d 1321, 1323-24 (10th Cir. 2000). Therefore, Crawford's one-year period of limitations began running again on April 12, 1997, and expired on August 29, 1997. Crawford did not file his federal habeas petition until June 17, 2002, almost five years after the expiration of the limitations period. Crawford asserts that the limitations period should be equitably tolled based on his incompetency and lack of access to adequate library facilities and trained law clerks. We find his assertions insufficient to warrant equitable tolling. Further, we agree with the district court that Crawford has failed to demonstrate that he diligently pursued his federal habeas claims, thereby preventing him from relying on any type of equitable tolling theory. See Miller, 141 F.3d at 978 (noting equitable tolling applies only when inmate diligently pursues claims).

The application for a COA is DENIED and the appeal is DISMISSED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge