**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 6 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

RALPH B. TAKEMIRE,

      Petitioner - Appellant,

v.

JUANITA NOVAK; ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

      Respondents - Appellees.

No. 02-1257
D.C. No. 01-D-815
(D. Colorado)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, **HENRY**, and **HARTZ**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Ralph Takemire, a state prisoner, seeks a certificate of appealability (COA) to appeal the federal district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. We deny a COA and dismiss the appeal.

Mr. Takemire filed his § 2254 petition on May 2, 2002, alleging that the trial court erred by accepting his guilty plea when the court knew of Mr. Takemire's long history of mental health problems and because the trial court knew that he was under the influence of mind-altering drugs during the plea hearing. He also raised an ineffective assistance of counsel claim, arguing that counsel encouraged him to plead guilty to avoid the death penalty. The district court denied the petition as untimely under 28 U.S.C. § 2244(d)(1). The district court also found that equitable tolling did not excuse the untimeliness of the petition.

Where, as here, a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, a COA should issue if the petitioner demonstrates "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

Mr. Takemire's judgment of conviction was entered on September 4, 1992. He did not directly appeal from the conviction. His criminal conviction became

final on October 19, 1992, when the time for his filing a notice of appeal of his conviction expired.

Congress has "established a one-year period of limitations for [federal] habeas petitions." *Hoggro v. Boone*, 150 F.3d 1223, 1225 (10th Cir. 1998) (citing 28 U.S.C. § 2244(d)(1)). By statute, the one-year period of limitations generally begins running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). For prisoners whose convictions became final prior to April 24, 1996, the limitations period commenced on April 24, 1996, and expired one year later. *See Hoggro,* 150 F.3d at 1225-26. However, the one-year limitations period is tolled while a defendant pursues state post-conviction relief, *see* 28 U.S.C. § 2244(d)(2), and may also in rare circumstances "be subject to equitable tolling." *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998); *see Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000).

Having carefully examined the record on appeal, we conclude the district court was correct in finding the § 2254 petition was untimely. Mr. Takemire's conviction became final prior to April 24, 1996. His third state post-conviction application was filed on August 24, 1995 and was dismissed on June 13, 1997, when the trial court granted Mr. Takemire's motion to abandon his post-conviction challenges. Thus, the one-year limitation period was tolled until Mr.

Takemire's post-conviction application was dismissed. *See* 28 U.S.C. § 2244(d)(2); *Easterwood v. Champion,* 213 F.3d 1321, 1323-24 (10th Cir. 2000). Mr. Takemire's one-year period of limitations began running again on June 13, 1997, and expired on June 12, 1998.

Mr. Takemire did not file his federal habeas petition until May 2, 2002, almost four years after the statute of limitations expired. Therefore, we agree with the district court that Mr. Takemire's federal habeas corpus application was untimely.

Mr. Takemire asserts that the limitations period should be equitably tolled based on his history of severe psychological distress and his long standing physical complications. We agree, however, with the district court that Mr. Takemire "does not demonstrate any extraordinary circumstance beyond his control that made it impossible to file" his petition within the one-year limitation period. Aplt's Br., App. A at 8 (Dist. Ct. Order filed May 3, 2002). The record indicates that Mr. Takemire was unaware of AEDPA's one-year limitations period, however, ignorance of the law does not excuse the failure to comply with the statute. *See Miller*, 141 F.3d at 978.

Accordingly, we DENY the application for a COA and DISMISS the appeal.

Entered for the Court,


Robert H. Henry
Circuit Judge