**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 23 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROY EASTERWOOD,

     Plaintiff-Appellant,

v.

RICHARD KIRBY and RON WARD,

     Defendants-Appellees.

No. 03-7114

(D.C. No. 02-CV-623-S)
(E.D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BRISCOE**, and **LUCERO**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered

submitted without oral argument.

Plaintiff Roy Easterwood, a state prisoner proceeding pro se, appeals the district

court's grant of summary judgment in favor of defendants Richard Kirby and Ron Ward

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

in this action brought pursuant to 42 U.S.C. § 1983. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

I.

Easterwood was convicted of first-degree murder in 1979. At trial, he argued he was mentally insane at the time of the offense and was mentally incompetent to stand trial. The state presented the testimony of Dr. R.H. Garcia, who testified that Easterwood was sane and competent to stand trial.

On November 13, 2002, Easterwood filed the § 1983 action at issue, alleging that in 1995 the entire set of *Shepard's Citations* was removed from the prison law library system and replaced with a case law update request system. In April 1998, he requested an update of Pate v. Robinson, 383 U.S. 375 (1966), but the library's response was incomplete. As a result, he contends he was not provided the citation for Williamson v. Ward, 110 F.3d 1508 (10th Cir. 1997), in which this court questioned Garcia's diagnostic skills. Easterwood contends he did not discover the case until August 1998 and, because of the delay, his habeas petition was filed after the applicable statute of limitations had expired. Easterwood argues that citation to Williamson in a timely filed habeas petition would have resulted in the reversal of his conviction.

II.

The Constitution "does not require states to give inmates unlimited access to a law library, and inmates do not have the right to select the method by which access will be

2

provided." Penrod v. Zavaras, 94 F.3d 1399, 1403 (10th Cir. 1996) (internal citation omitted). Rather, access need only be "adequate, effective, and meaningful." Bounds v. Smith, 430 U.S. 817, 822 (1977).

The district court found from the record that the Williamson case was made available at the facility where Easterwood was confined on May 26, 1997. ROA, Doc. 11 at 3-4. Easterwood stated that he failed to locate the case until August 12, 1998. He had until October 30, 1998, to file his habeas petition but did not file the petition until November 23, 1998. See Easterwood v. Champion, 2001 WL 1204379 *2 (10th Cir. 2001). Based on these facts, we conclude that Easterwood had adequate, effective, and meaningful access to legal materials. We agree with the district court that "defendants' failure to provide Shepard's Citations may have slowed plaintiff's research, but the Williamson case was available in time for plaintiff to file a petition for a writ of habeas corpus." Id. at 4.

AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

3