FILED
United States Court of Appeals
Tenth Circuit

February 20, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JERRY LLOYD SEWARD,

        Petitioner - Appellant,

        v.

GREG PROVINCE, Warden; THE
ATTORNEY GENERAL OF
OKLAHOMA,

        Respondents - Appellees.

Nos. 07-6145, 07-6171

(W.D. Oklahoma)

(CIV-07-246-F)

**ORDER**

Before **HENRY**, Chief Judge, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

Proceeding pro se, state prisoner Jerry Seward has filed an application for a certificate of appealability (COA), seeking to appeal the district court's dismissal of his petition for writ of habeas corpus under 28 U.S.C. § 2254. Because Mr. Seward has failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny his application for a COA and dismiss this matter.

## I. BACKGROUND

On June 25, 2003, an Oklahoma court sentenced Mr. Seward to forty years' imprisonment, the final twenty years of which were suspended, after Mr. Seward pleaded guilty to Rape in the First Degree of a Minor Under the Age of Fourteen. On April 25, 2005, Mr. Seward filed an application for post-conviction relief in state court, claiming that his counsel had been ineffective and that newly discovered evidence supported a claim of actual innocence. The trial court denied Mr. Seward's application, and the Oklahoma Court of Criminal Appeals (OCCA) affirmed. Mr. Seward filed a second application for state post-conviction relief. The trial court again denied relief, and the OCCA affirmed in an unpublished order. Rec. doc. V, at 2 (Order Affirming Denial of Subsequent Application for Post-Conviction Relief, No. PC-2006-1131) (citing *Fowler v. State*, 896 P.2d 566, 569 (Okla. Crim App. 1995) ("The Post-Conviction Procedure Act is not intended to provide a second appeal.")).

On February 27, 2007, Mr. Seward filed a petition for writ of habeas corpus in federal district court pursuant to 28 U.S.C. § 2254. Mr. Seward's petition challenged the adequacy of the state's post-conviction proceedings and alleged that his state court trial counsel was ineffective. The district court dismissed the petition, finding that Mr. Seward's challenges to the state's post-conviction processes failed to state a federal constitutional claim and that his ineffective assistance of counsel claims were barred as untimely.

Mr. Seward filed a Notice of Intent to Appeal the district court's decision. The district court construed Mr. Seward's Notice of Intent to Appeal as an application for a COA and denied the application. Mr. Seward has filed an appeal from the district court's denial of his petition on the merits (No. 07-6145), and also requests a COA. Additionally, he has filed a separate brief in an attempt to appeal from the district court's denial of his application for a COA (No. 07-6171). Under 28 U.S.C. § 2253, Mr. Seward must obtain a COA before challenging the district court's dismissal of his petition. Thus, we treat Mr. Seward's filings as a single application for a COA.

## II. DISCUSSION

Mr. Seward's briefs before this court do not raise claims relating to the adequacy of Oklahoma's post-conviction processes. Before this panel, Mr. Seward seeks a COA only to raise his ineffective assistance of counsel claims. Thus, we now consider solely whether Mr. Seward should be granted a COA for his ineffective assistance of counsel claims.

A COA is a jurisdictional prerequisite to this Court's review of Mr. Seward's petition for a writ of habeas corpus. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). We will issue a COA only if Mr. Seward makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make this showing, Mr. Seward must demonstrate that the issues raised are

debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the district court dismissed Mr. Seward's petition on procedural grounds, Mr. Seward must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, the district court properly found that Mr. Seward's claims were time barred. The Antiterrorism and Effective Death Penalty Act establishes a one-year limitations period for the filing of habeas petitions by prisoners in state custody. The limitations period begins on the latest of the following: (1) the date on which a state court judgment becomes final; (2) the date of the removal of an unconstitutional state-created impediment; (3) the date on which a right is newly recognized by the Supreme Court; or (4) the date on which the factual predicate of claims could have been discovered through due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

On June 25, 2003, the Oklahoma district court sentenced Mr. Seward and entered a judgment in his case. Mr. Seward did not move to withdraw his guilty plea, file a direct appeal, or seek a writ of certiorari to the Supreme Court of the United States. As a result, the judgment in Mr. Seward's case became final ten days later, on July 5, 2003. *See* OKLA. STAT. tit. 22, § 18; Rule 4.2, Rules of the

Oklahoma Court of Criminal Appeals.  Thus, Mr. Seward's limitations period expired on July 5, 2004, and his February 27, 2007, filing of a habeas petition was untimely under § 2244(d)(1)(A).

Mr. Seward's petition was also untimely under § 2244(d)(1)(D), which allows a prisoner to file a petition for a writ of habeas corpus within one year of the discovery of evidence establishing innocence.  *See* § 2244(d)(1)(D).  Under this provision, Mr. Seward's claim that newly discovered evidence established his innocence had to be filed within one year of "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *Easterwood v. Champion*, 213 F.3d 1321, 1323 (10th Cir. 2000) (quoting 28 U.S.C. § 2244(d)(1)(D)).  Here, Mr. Seward's evidence was an Oklahoma State Bureau of Investigation (OSBI) report filed on April 9, 2003 that noted that no DNA comparisons were performed in Mr. Seward's case.  Mr. Seward received a copy of the report in September 2004.  We will assume that Mr. Seward discovered the evidence on September 30, 2004, meaning that, under § 2244(d)(1)(D), his limitations period would expire on September 30, 2005.

However, "the time during which a properly filed application for State post-conviction review or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation," 28 U.S.C. § 2244(d)(2).  In this case, Mr. Seward filed a petition for

post-conviction relief in Oklahoma district court on April 26, 2005, which the district court denied and which the OCCA later denied in an order dated July 22, 2005. The one-year limitations period was extended 87 days while state post-conviction relief was pending, thus extending the one year filing period to December 26, 2005.

Mr. Seward did not file his petition in federal court before December 2005. Rather, on June 16, 2006, Mr. Seward filed a new state court action seeking post conviction relief. Only after receiving an unfavorable ruling from the OCCA in his second state court action on January 26, 2007, did Mr. Seward seek habeas relief in federal district court on February 27, 2007. Mr. Seward's June 16, 2006, application for state post-conviction relief was filed after the one-year period had expired, and thus did not toll the limitations period. *See Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) (holding that a collateral petition filed in state court after AEDPA's limitations period has expired does not serve to toll AEDPA's limitations period). Mr. Seward's February 27, 2007, filing in federal court was therefore untimely.

Having determined that Mr. Seward's ineffective assistance of counsel claims are time-barred under § 2244, we consider whether he may be entitled to equitable tolling. Mr. Seward disputes the district's court's decision not to apply the equitable tolling doctrine to his untimely claims. He advances two theories. First, Mr. Seward contends that equitable tolling was appropriate because state

-6-

actors, who are not identified in Mr. Seward's briefs, impeded his access to important records and state and federal courts. Second, Mr. Seward argues that actual innocence claims – he characterizes his petition as such – are categorically exempt from § 2244's limitations period.

We agree with the recommendation of the magistrate judge, which the district court adopted in this case. Under "rare and exceptional circumstances," *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000), § 2244's limitations period may be subject to equitable tolling if application of the rule would render the habeas remedy "inadequate and ineffective." *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling is appropriate only when a petitioner "demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).

Mr. Seward has failed to meet this burden. While Mr. Seward contends that the state impeded his ability to research his access to records, he puts forward no evidence of an impediment. Further, Mr. Seward's assertion that claims of actual innocence are categorically entitled to equitable tolling is without merit. In any event, Mr. Seward's briefs fail to lay out a factual basis for his innocence claim. Thus, Mr. Seward has not shown that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court

was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

## III.  CONCLUSION

For reasons provided above, we DENY Mr. Seward's request for a COA and DISMISS this matter.

Entered for the Court,

ELISABETH A. SHUMAKER, Clerk