**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 11, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ANTONIO LEON ELLIS,

       Petitioner–Appellant,

v.

JUSTIN JONES,

       Respondent–Appellee.

No. 08-5119
(D.C. No. 4:07-CV-00505-GKF-FHM)
(N.D. Okla.)

**ORDER DENYING CERTIFICATE**
**OF APPEALABILITY**

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

Antonio Ellis requests a certificate of appealability ("COA") following the

district court's denial of his 28 U.S.C. § 2254 application for a writ of habeas

corpus based on actual innocence and ineffective assistance of counsel. The

district court denied Ellis's application because it was time barred under

§ 2244(d)(1). For the same reason, we deny Ellis's application for a COA.

Ellis pleaded guilty to one count of attempted robbery and two counts of

robbery with a firearm. A jury then convicted him of first degree murder.

Judgment and sentence were entered on November 30, 2004.[1]  Ellis did not move to withdraw his plea or file notice to appeal his conviction.  Over a year later, on June 7, 2006, he filed for post-conviction relief in state court.  Both this and a second application for state post-conviction relief were denied, and both denials were affirmed by the Oklahoma Court of Criminal Appeals.

On September 6, 2007, Ellis filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the Northern District of Oklahoma.  The district court denied his petition as time barred, see § 2244(d)(1), considering and rejecting Ellis's argument that the statute of limitations should be tolled.  Following the dismissal, Ellis moved for reconsideration, reasserting that he was entitled to tolling due to his lack of access to legal materials at Cimarron Correctional Facility.  Construing this as a Federal Rule of Civil Procedure Rule 59(e) motion, the court denied reconsideration.

Because the district court denied his habeas petition and Ellis did not receive a COA from that court, Ellis may not appeal the district court's decision absent a grant of a COA by this court.  § 2253(c)(1)(A).  To obtain a COA, Ellis must make a "substantial showing of the denial of a constitutional right." § 2253(c)(2).  When the district court denies a habeas petition on procedural

_____

[1] In his federal habeas petition, Ellis incorrectly stated that he was sentenced on November 23, the date of conviction.  The district court echoed this error.

grounds without reaching the underlying constitutional claims, as it did here, a petitioner is not entitled to a COA unless it can be shown both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). An appellate court has discretion to resolve either the procedural or the substantive issue first. Id. at 485.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year statute of limitations on § 2254 habeas claims. § 2244(d)(1). In an ordinary case such as this one, the period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). Ellis's judgment and sentence were entered on November 30, 2004, and he brought no direct appeal. Under Oklahoma law, Ellis had ten days to move to withdraw his plea or file a notice to appeal his jury conviction. Clark v. Oklahoma, 468 F.3d 711, 713 (10th Cir. 2006); see Okla. Stat. tit. 22, § 1051; Okla. Stat. tit. 22, Ch. 18, App., Rules 2.5(A), 4.2(A). Ellis did neither, and the statute of limitations began to run on December 10, 2004. It expired on December 10, 2005. Thus, Ellis's habeas petition was time barred unless he is to be credited with more than 21 months of tolling.

Ellis argues the statute of limitations did not begin to run until he was transferred to a correctional facility with a law library. As the district court did, we liberally construe this argument, see Haines v. Kerner, 404 U.S. 519, 520 (1972), as urging that there was a state-created impediment preventing him from filing under § 2244(d)(1)(B). Ellis cites Easterwood v. Champion, 213 F.3d 1321 (10th Cir. 2000), for the proposition that the AEDPA statute of limitations is tolled until the relevant case law is available to the prisoner. Easterwood actually stands for a much narrower proposition: when the factual predicate for a prisoner's claim appears in case law unavailable to him, the statute of limitations is tolled until such case law becomes available. Id. at 1323.[2] That is not Ellis's situation; he asserts only that he was unfamiliar with the legal basis for his claims.[3] To justify tolling under AEDPA, "[i]t is not enough to say that the [correctional] facility lacked all relevant statutes and case law." Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). Moreover, Ellis did not lack access to all legal materials at Cimarron Correctional Facility because, as he acknowledges, he had access to counsel. Under our case law, reasonable jurists could not debate

---

[2] In Easterwood, a witness for the prosecution was later determined to be unreliable by this Circuit. 213 F.3d at 1323.

[3] Although Ellis includes a claim of actual innocence in his underlying petition, he does not assert that he discovered the factual predicate for this claim after the statute of limitations ran. Thus, he is not entitled to tolling under § 2244(d)(1)(D).

whether Ellis's lack of access to legal materials constituted a state-created impediment entitling him to tolling of the AEDPA statute of limitations.

Although Ellis would be entitled to tolling during the pendency of his state post-conviction proceedings, § 2244(d)(2), he did not file his first such application until June 7, 2006, after the limitations period had already run. Thus, he cannot benefit from tolling on this ground. Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001).

Because jurists of reason would not find debatable the district court's conclusion that Ellis's claim was time barred, Ellis's application for a COA is **DENIED** and his appeal is **DISMISSED**.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge