**UNITED STATES COURT OF APPEALS**

**January 29, 2010**

**TENTH CIRCUIT**

GEORGE DELALIO,

      Petitioner - Appellant,

v.

STATE OF WYOMING,

      Respondent - Appellee.

No. 09-8093
(D.C. No. 2:09-CV-00052-ABJ)
(D. Wyo.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **BRISCOE**, and **HOLMES**, Circuit Judges.

Petitioner-Appellant George DeLalio seeks a certificate of appealability

("COA") allowing him to appeal the denial of his petition for a writ of habeas

corpus, brought pursuant to 28 U.S.C. § 2254.  The district court dismissed the

petition as untimely based on the one-year statute of limitations in 28 U.S.C. §

2244(d)(1).  Because the factual basis for Mr. DeLalio's ineffective assistance of

counsel claim could have been discovered through reasonable diligence and

equitable tolling is not appropriate, we deny a COA and dismiss the appeal.

Mr. DeLalio pled guilty to attempted sexual exploitation of a child.  Aplt.

App. 60.  The state district court entered its final judgment and sentence on

October 13, 2006.  Doc. 14 at 1.  Mr. DeLalio received a sentence of two to four

years in prison, but the court suspended that sentence in favor of five years of probation. Id. Mr. DeLalio did not file a direct appeal. Id. at 2. Mr. DeLalio filed a petition for post-conviction relief with the state district court on April 18, 2008. Id. The trial court granted the State's motion for summary judgment on January 12, 2009, and on February 24, 2009, the Wyoming Supreme Court denied the writ of review. Id.

Mr. DeLalio's federal habeas petition, filed March 16, 2009, claimed ineffective assistance of counsel as the basis for relief. Doc. 14 at 2. He alleged that his trial counsel failed to investigate and pursue a possible mental illness defense. Id. The district court denied the petition, finding the petition untimely and ineligible for either statutory or equitable tolling. Id. at 4-6. Mr. DeLalio seeks a COA, arguing that the one-year limitations period was tolled for two reasons: he could not have discovered the factual predicate of his ineffective assistance claim through the exercise of due diligence, and he is actually innocent. Pet. Br. at 12-15.

In order for this court to grant a COA, Mr. DeLalio must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the district court's denial of habeas relief is based on a procedural ground, Mr. DeLalio must show that reasonable jurists would find it debatable (1) whether the district court was correct in its procedural ruling, and (2) whether the petition stated a valid claim of the denial of a constitutional right.

Slack v. McDaniel, 529 U.S. 473, 484 (2000).  If he cannot make a threshold

showing on the procedural issue, we need not address the constitutional issues.

Id. at 485.

The one-year limitations period for § 2254 petitions begins to run

from the latest of four dates, two of which are relevant here: the date when the

conviction becomes final, and "the date on which the factual predicate of the

claim . . . could have been discovered through the exercise of due diligence."  28

U.S.C. § 2244(d)(1)(A), (D).  Mr. DeLalio argues that the limitations period was

tolled until he learned of the factual predicate of his claim: that he may have had

a complete legal defense under Wyoming law because a years-old brain injury so

impaired his cognitive functions that he was unable to appreciate fully the

wrongfulness of his crime.  Pet. Br. at 10, 12.  Mr. DeLalio claims that he could

not have discovered his possible mental illness defense until a November 27,

2007 phone conversation with his present attorney "[a]t the earliest."  Id. at 10.

Therefore, his argument goes, the limitations period began running on that date

(or possibly later, when he received a neuropsychological report on March 28,

2008), and was tolled again with the filing of his post-conviction action on April

18, 2008 until the Wyoming Supreme Court denied review on January 26, 2009.

Pet. Br. at 10; see 28 U.S.C. § 2244(d)(2).  Given the tolling for the state post-

conviction claim, the difference between the two start dates is immaterial: even if

the period began running November 27, 2007, the limitations period had not

expired when Mr. DeLalio filed his federal habeas claim on March 10, 2009.

Mr. DeLalio alleges that he was "flabbergasted" to learn of his possible mental illness defense during the November 27, 2007 phone call with his attorney. Pet. Br. at 10. The record, however, indicates that Mr. DeLalio knew of the factual predicate to his ineffective assistance claim throughout his criminal trial. At the initial interview with his trial attorney, Mr. DeLalio raised the issue of his brain injury and its legal significance. Pet. App. at 7. Petitioner raised his brain injury as a mitigating factor "[n]umerous times" to his trial attorney. Id. at 10. Mr. DeLalio was ignorant only of the *legal* basis for his claim, which is insufficient to toll the statute of limitations. See Ellis v. Jones, 302 F. App'x 817, 819 (10th Cir. 2008). Therefore, the statute of limitations began to run when Mr. DeLalio's conviction became final: at the expiration of the period to file notice of direct appeal 30 days after entry of judgment, November 12, 2006. See 28 U.S.C. § 2244(d)(1)(A); Wyo. R. App. P. 2.01(a). The limitations period expired one year later, November 12, 2007. The petition for state post-conviction relief filed after the limitations period expired will not toll it. See Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006).

In passing, Mr. DeLalio argues that he is entitled to equitable tolling based on the "actual innocence" exception. Pet. Br. at 14-15. "A claim of actual innocence may toll the [habeas] statute of limitations." Laurson v. Leyba, 507 F.3d 1230, 1232 (10th Cir. 2007). Mr. DeLalio argues that he is *legally*

- 4 -

innocent—that a valid legal defense existed based on cognitive impairment. Legal innocence does not suffice for an "actual innocence" claim because "[a]ctual innocence means 'factual innocence.'" Id. (quoting Bousley v. United States, 523 U.S. 614, 623 (1998)).

Because Mr. DeLalio filed his federal habeas claim more than one year after his conviction became final and he is not eligible for equitable tolling, reasonable jurists could not debate that the district court correctly dismissed the petition as untimely.

We DENY a COA and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge