FILED
United States Court of Appeals
Tenth Circuit

March 9, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ROBERT J. FREEMAN,

        Petitioner - Appellant,

v.

ARISTEDES ZAVARAS; THE
ATTORNEY GENERAL OF THE STATE
OF COLORADO,

        Respondents - Appellees.

No. 11-1582
(D.C. No. 1:11-CV-01955-LTB)
(D. Colo.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **LUCERO, O'BRIEN,** and **MATHESON**, Circuit Judges.

---

Robert J. Freeman, a Colorado state prisoner proceeding pro se,[1] seeks a certificate

of appealability ("COA") to challenge the district court's dismissal of his 28 U.S.C.

§ 2254 petition. We deny his request for a COA and dismiss this matter.

---

        **\***After examining Appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

        [1]Because Mr. Freeman is proceeding pro se, we construe his pleadings liberally.
*See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also United States v. Pinson*, 584

# I.  BACKGROUND

**A. *Factual Background***

In 1996, Mr. Freeman was arrested after he attempted to murder his stepdaughter

and her boyfriend by detonating a pipe bomb under their car and shooting his

stepdaughter as she ran away from the car.  Shortly after his arrest, Mr. Freeman

"admitted shooting [his stepdaughter,] . . . building the bomb[,] and placing it under the

car."  ROA at 40.

In January 1997, Eddie Johnson, an inmate housed with Mr. Freeman at a

Colorado jail, contacted law enforcement officials about statements that Mr. Freeman had

made to him.  Mr. Johnson told the officials that Mr. Freeman had expressed regret that

he had not bought a larger caliber pistol that would have killed his stepdaughter.  Mr.

Johnson also stated that Mr. Freeman had tried to draw him into a plan to kill Mr.

Freeman's stepdaughter and her boyfriend so they could not testify against him at trial.

**B. *Procedural Background***

On January 3, 1997, Mr. Freeman was charged with multiple crimes, including

attempted first-degree murder and conspiracy to commit first-degree murder.  Initially, an

attorney was appointed to represent Mr. Freeman.  But on June 13, 1997, the state district

court determined that Mr. Freeman was not indigent and terminated representation by

appointed counsel.  Mr. Freeman then retained a private attorney to represent him.

---

F.3d 972, 975 (10th Cir. 2009) ("[W]e must construe [a pro se litigant's] arguments
liberally; this rule of liberal construction stops, however, at the point at which we begin
to serve as his advocate.").

In September 1998, Mr. Freeman entered a plea of not guilty by reason of insanity. In 1999, Mr. Freeman's jury trial began. During the State's case in chief, Mr. Johnson—the jailhouse informant—testified about the statements that Mr. Freeman had made to him. During Mr. Johnson's testimony, he stated that he did not expect to receive a benefit for providing information regarding Mr. Freeman.

At the conclusion of the trial, the jury rejected Mr. Freeman's insanity defense and found him guilty of one count of attempted first-degree murder, two counts of attempted second-degree murder, and one count of conspiracy to commit first-degree murder. The state district court sentenced Mr. Freeman to 144 years of imprisonment.

Mr. Freeman filed a direct appeal, which the Colorado Court of Appeals rejected. Mr. Freeman then filed a petition for writ of certiorari in the Colorado Supreme Court, which was denied on June 3, 2002.

On August 22, 2002, Mr. Freeman filed pro se a petition for state post-conviction relief pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure. On December 23, 2002, a state district court rejected the motion. Mr. Freeman did not appeal.

On September 18, 2002, Mr. Freeman filed pro se a petition seeking reconsideration of his sentence pursuant to Rule 35(b) of the Colorado Rules of Criminal Procedure. On December 24, 2002, a state district court denied the motion. Mr. Freeman did not appeal.

On June 9, 2003, Mr. Freeman filed a motion in state district court requesting a loan of his trial transcripts. On August 3, 2004, the state district court denied the motion.

On September 15, 2004, Mr. Freeman filed a second motion in state district court requesting a loan of transcripts, which also was denied.

On March 21, 2005, Mr. Freeman filed pro se a second state petition for post-conviction relief pursuant to Rule 35(c). On April 26, 2005, a state district court denied the petition because Mr. Freeman had not used a proper form. On May 18, 2005, Mr. Freeman refiled his second Rule 35(c) petition using the proper form. On November 3, 2008, a state district court denied the motion. On February 24, 2011, the Colorado Court of Appeals affirmed the district court's ruling. Mr. Freeman filed a petition for writ of certiorari in the Colorado Supreme Court seeking to challenge the state court post-conviction proceedings. On June 20, 2011, the Colorado Supreme Court denied the petition.

In October 2008—after Mr. Freeman filed his second Rule 35(c) petition in state court, but before the Colorado courts had ruled on the petition—Mr. Freeman discovered a letter written by Mr. Johnson on January 13, 1997, (the "Johnson Letter") to the district attorney's office that prosecuted Mr. Freeman. In the letter, Mr. Johnson stated that he felt that Frank Moschetti, one of the prosecutors in Mr. Freeman's case "needed some help. RE: Mr. Freeman." *Freeman v. Zavaras*, No. 11-cv-01955-BNB, slip op. at 8 (D. Colo. Nov. 22, 2011). Mr. Johnson also stated that the last time he had seen Mr. Moschetti, Mr. Moschetti "said he would see my sentence halved. That was after Mr. Fred Nichols was convicted in the Lori Ann Lowe Murders." *Id.* at 8-9.[2]

---

[2] Fred Nichols was not a defendant in the instant case, and Mr. Freeman was not involved in the murder of Lori Ann Lowe.

On July 28, 2011, Mr. Freeman filed a petition for writ of habeas corpus in the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 2254. In his § 2254 petition, Mr. Freeman asserted seven claims for relief. In one claim, Mr. Freeman contended that the State had suppressed, in violation of *Brady v. Maryland*, 373 U.S. 87 (1963), evidence relating to an alleged deal between Mr. Johnson and the State for testifying against Mr. Freeman. The State argued that Mr. Freeman's § 2254 petition was time-barred. It also contended that the Johnson Letter did not support a *Brady* claim because the deal referenced in the Johnson Letter related to the prosecution of Fred Nichols and not the prosecution of Mr. Freeman.

The federal district court denied Mr. Freeman's petition, concluding that his petition was time-barred under the one-year statute of limitations for filing a § 2254 petition. *Freeman*, slip op. at 18. The federal district court also concluded that Mr. Freeman did not demonstrate a basis to equitably toll the one-year statute of limitations. *See id.* at 14-17.

Mr. Freeman filed a timely notice of appeal and a request for a COA seeking to challenge the district court's denial of his § 2254 petition. Mr. Freeman also filed a motion to proceed *in forma pauperis*.

## II. DISCUSSION

A COA is a jurisdictional prerequisite to this court's review of a § 2254 petition. 28 U.S.C. § 2253(c)(1)(A); *accord Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). To receive a COA, a petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When, as here, a district court denies a

-5-

habeas petition on procedural grounds, a COA may issue only when the petitioner shows

that "jurists of reason would find it debatable whether the petition states a valid claim of

the denial of a constitutional right *and* that jurists of reason would find it debatable

whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529

U.S. 473, 484 (2000) (emphasis added).

The federal district court concluded that Mr. Freeman's conviction became final

on September 3, 2002, the date on which his time for filing a petition for writ of certiorari

to the United States Supreme Court expired. *Freeman*, slip op. at 6. Mr. Freeman does

not dispute that conclusion. But he argues that the one-year period for filing his § 2254

petition should be statutorily tolled either because the State impeded him from filing a

claim until 2004 or because he did not discover the factual predicate on which his claims

are based until 2008. Additionally, Mr. Freeman argues that, even if statutory tolling

does not apply, the district court should have equitably tolled the period in which he

could file a timely § 2254 petition. We address each of Mr. Freeman's arguments in turn.

**A.** *Statutory Tolling*

The Antiterrorism and Effective Death Penalty Act ("AEDPA") established a one-

year statute of limitation to bring habeas petitions under 28 U.S.C. § 2254. *See* 28 U.S.C.

§ 2244(d). In relevant part, § 2244(d)(1) states that the one-year period for filing a

petition shall run from the latest of:

> (A) the date on which the judgment became final by the
> conclusion of direct review or the expiration of the time
> for seeking such review;

(B) the date on which [an] impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; . . . or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Mr. Freeman contends that his § 2254 petition was timely under either § 2244(d)(1)(B) or § 2244(d)(1)(D). The federal district court rejected both of these arguments. For the reasons explained below, we hold that Mr. Freeman has failed to demonstrate that reasonable jurists would debate the correctness of the district court's procedural conclusions.

1. *Withholding of Documents*

Title 28 U.S.C. § 2244(d)(1)(B) provides that the one-year period for filing a habeas petition begins to run on "the date on which [an] impediment to filing an application created by *State action in violation of the Constitution or laws of the United States is removed*, if the applicant was *prevented from filing* by such State action." (Emphases added).

Mr. Freeman contends that he was prevented from filing a timely action because the attorneys who represented him during trial and on direct appeal refused to provide him with documents from their files, despite several requests for the documents beginning in June 2002. Additionally, he argues that he was impeded from filing a timely action because the state district court denied his June 2003 and September 2004 requests to borrow his trial transcripts. Mr. Freeman therefore argues that under

-7-

§ 2244(d)(2)(B), the one-year period for filing his habeas petition did not begin to run until sometime in 2004 when he received the documents relating to his trial and appeal.

The federal district court rejected this argument, stating: "§ 2244(d)(1)(B) . . . applies [only] in the context of an impediment caused by unconstitutional state action." *Freeman*, slip op. at 7. The district court concluded that Mr. Freeman had failed to demonstrate the existence of any unconstitutional state action because his attorneys were not state actors and because the denial of his motions for a loan of transcripts did not violate his constitutional rights.

Additionally, the district court determined that, even if it were unconstitutional to deny Mr. Freeman access to his court records and transcripts, Mr. Freeman had failed to establish that lack of access actually prevented him from filing a timely § 2254 petition or a timely petition for state post-conviction relief. The latter would have tolled the time period for filing a § 2254 petition. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). In support of this conclusion, the district court noted that some of the claims asserted in Mr. Freeman's § 2254 petition were exhausted on direct appeal. Additionally, the district court noted that in Mr. Freeman's requests for transcripts, which he filed before receiving any documents from his attorneys, he "outlined the claims his sought to raise in [his] . . . postconviction proceedings." *Freeman*, slip op. at 7-8. Finally, the district court noted that "[u]nder Colorado law, '[a] defendant need not set forth the evidentiary support for his allegations in his initial Crim.

P. 35 motion; instead, a defendant need only assert facts that if true would provide a basis for relief under Crim. P. 35.'" *Id.* at 8 (quoting *White v. Denver Dist. Crt.*, 766 P.2d 632, 635 (Colo. 1988)).

In his application for COA, Mr. Freeman contends that the district court erred in concluding that his attorneys were not state actors. But Mr. Freeman has not demonstrated that his attorneys' conduct or the denials of his motions for transcripts by the state district court constituted unconstitutional state action. Additionally, Mr. Freeman has not demonstrated how this alleged unconstitutional state action impeded him from filing a timely habeas petition or a petition for state post-conviction relief. Mr. Freeman has therefore failed to establish that § 2244(d)(1)(B) should apply to his claims. *See, e.g.*, *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (rejecting a habeas petitioner's § 2244(d)(1)(B) argument because the petitioner "failed to explain why the documents held by the State were necessary to pursue his federal claim and . . . did not show diligent pursuit of his claims even after receiving the material"); *see also Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (placing the burden on the petitioner to "provide[] . . . specificity regarding the alleged lack of access [to legal materials] and the steps he took to diligently pursue his federal claims").

Accordingly, we hold that Mr. Freeman has failed to demonstrate that reasonable jurists would debate the correctness of the district court's conclusion that § 2244(d)(1)(B) does not apply in this case.

**2.** *Discovery of the Johnson Letter*

-9-

Mr. Freeman next argues that, pursuant to 28 U.S.C. § 2244(d)(1)(D), he had one year from the day he discovered the Johnson Letter to file a habeas petition in federal court. As noted above, § 2244(d)(1)(D) provides that the one-year period for filing a § 2254 petition begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

The federal district court concluded that Mr. Freeman was not entitled to statutory tolling under § 2241(d)(1)(D). The district court first noted that the Johnson Letter was dated January 13, 1997. The court then explained that Mr. Freeman had not "explain[ed] the circumstances of his alleged discovery of the [Johnson] [L]etter in October 2008." *Freeman*, slip op. at 10. The court stated that it was therefore "unable to conclude that Mr. Freeman could not have discovered the [Johnson] [L]etter earlier through the exercise of due diligence." *Id.*

In his application for a COA, Mr. Freeman argues that when he filed his § 2254 petition, he did not understand that he needed to explain the circumstances of discovering the Johnson Letter to qualify for statutory tolling pursuant to § 2244(d)(1)(D). But even after the district court explained its basis for denying Mr. Freeman's § 2244(d)(1)(D) argument, Mr. Freeman has not attempted to clarify how he discovered the Johnson Letter or attempted to explain why he could not have discovered the Johnson Letter at an earlier date. Thus, it is unclear whether the Johnson Letter could have been discovered at an earlier date through the exercise of due diligence. We therefore hold that Mr. Freeman has failed to demonstrate that reasonable jurists would debate the correctness of the district court's conclusion that § 2244(d)(1)(D) does not apply in this case.

-10-

**B.** *Equitable Tolling*

Finally, Mr. Freeman contends that the time period for filing his § 2254 petition should be equitably tolled.

AEDPA's one-year statute of limitations is subject to equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010) ("[L]ike all 11 Courts of Appeals that have considered the question, we hold that § 2244(d) is subject to equitable tolling in appropriate cases."). However, equitable tolling is only available in those "rare and exceptional circumstances," *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (quotations omitted), in which application of the limitations period might render the habeas remedy "inadequate and ineffective," *Miller*, F.3d at 978. For example, we have explained that equitable tolling is appropriate "when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." *Gibson*, 232 F.3d at 808 (citations omitted).

When a habeas petitioner seeks equitable tolling on actual innocence grounds, he must "show that a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (quotations omitted). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of . . . new evidence [of actual innocence] . . . that was either excluded or unavailable at trial." *Id.* at 327-28.

Mr. Freeman contends that the one-year time period for filing his § 2254 petition should be equitably tolled because the Johnson Letter "evidences an [a]ctual [i]nnocence claim." Aplt. Br. at 2. The district court rejected this argument, stating:

> The [c]ourt is not persuaded that the . . . Johnson [L]etter is new, reliable, evidence that demonstrates that Mr. Freeman is actually innocent because "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quotations omitted). *Mr Freeman does not contend that he is factually innocent of the crimes for which he was convicted . . . Instead, Mr. Freeman contends that the . . . Johnson [L]etter would bolster his insanity defense and would have led to his acquittal on some of the charges. . . .* However, any evidence that [Mr.] Johnson actually received a benefit for his testimony would be merely impeaching evidence that does not demonstrate that Mr. Freeman is factually innocent. Furthermore, an insanity defense, even if justified, does not demonstrate factual innocence. *See DeLalio v. Wyoming*, 363 Fed. Appx. 626, 628 (10th Cir. 2010) (finding that a valid legal defense based on cognitive impairment does not suffice for factual innocence).

*Freeman*, slip op. at 14-15 (emphasis added).

Additionally, the district court stated that "even if the . . . Johnson [L]etter was relevant to the question of factual innocence, the [c]ourt finds that the letter does not demonstrate that it is more likely than not that no reasonable juror would have convicted Mr. Freeman in light of the new evidence." *Id.* at 15 (quotations omitted).

In his application for a COA, Mr. Freeman repeats the same equitable tolling arguments that he asserted in the district court. Although he characterizes his arguments concerning the Johnson Letter as an "actual innocence claim," he does not argue that he is factually innocent of the crimes for which he was convicted. *See Bousley*, 523 U.S. at

-12-

623 ("[A]ctual innocence means factual innocence, not mere legal insufficiency.");

*United States v. Gabaldon*, 522 F.3d 1121, 1124 n.2 (10th Cir. 2008) (noting that

"[a]ctual (factual) innocence is a ground for applying equitable tolling," but that "legal

innocence" is not); *see also Beavers v. Saffle*, 216 F.3d 918, 923 (10th Cir. 2000) (noting

that legal defenses relate to legal, not factual innocence).  Thus, Mr. Freeman has not

demonstrated entitlement to equitable tolling based on actual innocence.

After reviewing Mr. Freeman's § 2254 petition, Mr. Freeman's appellate filings,

and the entire record before us, we conclude that this case does not present one of the

"rare and exceptional circumstances" in which the untimely filing of a § 2254 petition

should be equitably excused.  We therefore hold that reasonable jurists would not debate

the district court's conclusion that Mr. Freeman has failed to demonstrate he is entitled to

equitable tolling.

## III.  CONCLUSION

Mr. Freeman has failed to demonstrate that reasonable jurists would debate the

correctness of the district court's conclusion that his § 2254 petition is time-barred.  We

therefore deny Mr. Freeman's application for a COA and dismiss this matter.  We also

deny Mr. Freeman's motion to proceed *in forma pauperis*.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge

-13-