19-4184-pr
McCloud v. United States of America

# In the
# United States Court of Appeals
## for the Second Circuit

---

August Term, 2020
No. 19-4184-pr

WILEY MCCLOUD,
*Petitioner-Appellant,*

*v.*

UNITED STATES OF AMERICA,
*Respondent-Appellee.*

---

Appeal from the United States District Court
for the Western District of New York.
No. 6:19-cv-06544 — David G. Larimer, *Judge.*

---

SUBMITTED: FEBRUARY 1, 2021
DECIDED: FEBRUARY 9, 2021

Before: WALKER, RAGGI, and NARDINI, *Circuit Judges.*

---

Petitioner-Appellant Wiley McCloud appeals from a final order entered on November 22, 2019, in the United States District Court for the Western District of New York (David G. Larimer, *J.*), denying as untimely

his motion for relief pursuant to 28 U.S.C. § 2255.  McCloud argues that this Court's recent decision in *United States v. Townsend*, 897 F.3d 66 (2d Cir. 2018), created a newly discovered fact that extended his filing deadline under § 2255(f)(4).  We conclude that an intervening development in case law does not constitute a newly discovered "fact" within the meaning of § 2255(f)(4).  We therefore **AFFIRM** the decision of the district court.

---

DANIELLE C. WILD, Rochester, New York, *for Defendant-Appellant.*

TIFFANY H. LEE, Assistant United States Attorney, *for* James P. Kennedy Jr., United States Attorney for the Western District of New York, Buffalo, New York, *for Appellee.*

WILLIAM J. NARDINI, *Circuit Judge*:

Petitioner-Appellant Wiley McCloud appeals from a final order entered on November 22, 2019, in the United States District Court for the Western District of New York (David G. Larimer, *J.*), denying as untimely his motion pursuant to 28 U.S.C. § 2255 for relief from a judgment of conviction for various drug and firearms crimes.  McCloud's conviction became final about ten years ago, making his § 2255 motion filed in 2019 well outside the one-year limitations period stated in 28 U.S.C. § 2255(f).  McCloud now argues that this Court's 2018 decision in *United States v.*

*Townsend*[1] creates a newly discovered fact that extended his filing deadline under § 2255(f)(4).

We write to explain that an intervening development in case law—here, a decision issued after a conviction but before the filing of a motion under § 2255—is not a newly discovered "fact" within the meaning of § 2255(f)(4). We therefore **AFFIRM** the decision of the district court.

## I.    Background

### A.    McCloud's conviction

On July 2, 2008, McCloud pled guilty, without a plea agreement, to possession with intent to distribute cocaine base, *see* 21 U.S.C. § 841(a); possession of a firearm in furtherance of that drug crime, *see* 18 U.S.C. § 924(c); and possession of a firearm by a convicted felon, *see id.* § 922(g)(1). McCloud's criminal history then included two New York State convictions for drug offenses: a 1998 conviction for attempted criminal sale of a

---

[1] 897 F.3d 66 (2d Cir. 2018).

controlled substance in the third degree, and a 2000 conviction for criminal possession of a controlled substance in the fifth degree, with intent to sell (the "2000 New York Drug Conviction").[2] Based on these convictions, the United States Probation Office recommended McCloud's designation as a career offender under § 4B1.1 of the United States Sentencing Guidelines ("Guidelines") and calculated an advisory range of 292-365 months in prison.

On February 13, 2009, the parties appeared for sentencing and agreed that McCloud was a career offender. The district court so designated him but agreed with the defense that a below-Guidelines sentence was appropriate. The court sentenced McCloud to a total of 202 months in prison—substantially below the career offender range, though not quite as low as the defendant had sought. Judgment entered on February 20, 2009.

---

[2] Although the statutory citations for these convictions do not appear in the record, attempted sale of a controlled substance in the third degree is punishable under New York Penal Law ("NYPL") § 220.39, and criminal possession of a controlled substance in the fifth degree, with intent to sell, is punishable under NYPL § 220.06.

McCloud initially appealed the judgment but stipulated to withdraw the appeal six months later.

### B.    *Townsend* **and McCloud's motion under § 2255**

On July 23, 2018, this Court decided *Townsend*, holding that the defendant's conviction for criminal sale of a controlled substance in the fifth degree, under NYPL § 220.31, was not for a "controlled substance offense" under the career offender Guideline in U.S.S.G. § 4B1.1.[3]  Applying the categorical approach, *Townsend* explained that, "[a]t the time of [the defendant's] conviction," § 220.31 used a broader definition of "controlled substance" than the federal Controlled Substances Act and, therefore, could not serve as a predicate offense to enhance a defendant's base level under the career offender Guideline.[4]

---

[3] 897 F.3d at 75.

[4] *Id*. at 74.  Because the district court dismissed McCloud's § 2255 motion as untimely, the court did not consider whether, at the time of his 2000 New York Drug Conviction, the applicable state drug schedule was more expansive than the corresponding federal schedule, as was the case in *Townsend*.  Because we agree that the § 2255 motion was filed too late, we likewise need not address this merits question.

On July 23, 2019, precisely one year after *Townsend*, McCloud filed a motion to vacate, set aside, or correct his sentence pursuant to § 2255. He argued that, under *Townsend*, his 2000 New York Drug Conviction did not qualify as a predicate "controlled substance offense" to justify his career offender designation.[5]

## C.    The district court's decision

On November 22, 2019, the district court denied McCloud's motion as untimely. Under 28 U.S.C. § 2255(f), a petitioner has one year to bring a § 2255 motion, with the limitations period running from the latest of:

> (1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the

---

[5] McCloud's § 2255 motion appears to misdescribe his 2000 New York Drug Conviction as a conviction for "sale" under NYPL § 220.31 rather than a conviction for "possession . . . with intent to sell" under NYPL § 220.06. Both statutes rely on the same definition of "controlled substance" under New York law, and so this misdescription does not appear to affect his reliance on *Townsend*. In any event, the only question we resolve here is the threshold one of whether McCloud's § 2255 motion is timely.

movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.[6]

McCloud argued that his § 2255 filing was timely because *Townsend* created a newly discovered "fact" supporting his claim within the meaning of § 2255(f)(4) and, therefore, he had up to one year after *Townsend*'s issuance to file for § 2255 relief. In rejecting the argument, the district court explained that *Townsend* constituted "a change of law, not fact." App'x at 111.

The district court declined to issue a certificate of appealability. On April 28, 2020, however, this Court granted McCloud's motion for a certificate of appealability, noting that, although McCloud's argument had

---

[6] 28 U.S.C. § 2255(f)(1)-(4).

7

been rejected by a number of other courts of appeals, our Court had not yet

had occasion to rule on the issue.

**II.    Discussion**

Overall, we review *de novo* a district court's denial of a § 2255 motion,

though we review its subsidiary factual findings only for clear error. [7]

In this appeal, as before the district court, McCloud argues that our

decision in *Townsend* created a newly discovered fact, starting a new one-

year limitations period under § 2255(f)(4).  We reject this argument and hold

that a development in case law, which is what *Townsend* represents, does

not give rise to a "fact[] supporting the claim" brought by a petitioner within

the meaning of § 2255(f)(4).  McCloud's argument elides a critical distinction

between facts and law: A fact is "[a]n actual or alleged event or

circumstance, *as distinguished from* its legal effect, consequence, or

interpretation."[8]  Here, *Townsend* left unaltered the fact of McCloud's 2000

---

[7] *Yick Man Mui v. United States*, 614 F.3d 50, 53 (2d Cir. 2010); *see Gonzalez v. United States*, 792 F.3d 232, 234 (2d Cir. 2015).

8

New York Drug Conviction. Our decision in *Townsend* could have implications only for the legal effect of that fact—that is, whether the conviction supported application of the career offender Guideline.

If a case interpreting the law were to be considered a newly discovered "fact," it would have been superfluous for Congress to create a separate subsection of § 2255 to allow certain intervening Supreme Court decisions to trigger a new limitations period; any claim that could be brought under § 2255(f)(3) could also be brought under § 2255(f)(4) without the conditions specified in that former section.[9] Thus, accepting McCloud's premise would undo the careful parameters that Congress drew in § 2255(f)(3): namely, that a development in case law will extend a deadline

---

[8] Black's Law Dictionary (11th ed. 2019) (emphasis added).

[9] *See Whiteside v. United States*, 775 F.3d 180, 184 (4th Cir. 2014) (en banc) ("[Petitioner's] (f)(4) argument fails for the additional reason that it would effectively nullify (f)(3), which provides for tolling in instances where the defendant's claim is founded on a right 'newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.' . . . If changes in law are cognizable under (f)(4), then (f)(3) becomes superfluous because any claim brought under (f)(3) could also be brought under (f)(4)." (quoting 28 U.S.C. § 2255(f)(3)).

only if the newly recognized right is made retroactively applicable by the Supreme Court to cases on collateral review. Section 2255(f)(3) signals that Congress "impliedly rejected the notion" that developments in case law derived from lower court decisions (or non-retroactive Supreme Court decisions) "could trigger any of the limitations periods enumerated under § 2255."[10] This Court cannot interpret § 2255(f) in a way that would defeat that clear Congressional intention and render a quarter of its statutory language superfluous.

Anticipating this concern, McCloud protests that he does not ask this Court to deem *any* intervening court decision a "fact" under § 2255(f)(4), just *Townsend*—because, in his words, it "alters the legal status of a petitioner's predicate conviction." Appellant's Br. 11-12. McCloud's argument does not actually offer a narrower ruling, however, because he uses the term "legal status" to refer not to facts but to legal consequences. As a matter of *fact*, the

---

[10] *E.J.R.E. v. United States*, 453 F.3d 1094, 1098 (8th Cir. 2006).

legal status of McCloud's 2000 New York Drug Conviction is the same before and after *Townsend*: It is a conviction that is still on the books. That such a conviction might today prompt a different Guidelines analysis (in our Circuit, for some defendants, at least) is a new legal consequence of this unchanged fact. To interpret an intervening decision as a new fact simply because it has new legal implications would create a boundless, and unwarranted, expansion of § 2255(f)(4).

In rejecting McCloud's argument, our reasoning aligns with that of five Courts of Appeals to consider the issue.[11] Emblematic is the Fourth

---

[11] Our sister Circuits have held that intervening developments in case law do not create new facts within the meaning of § 2255(f)(4)—or within the meaning of a similar provision in 28 U.S.C. § 2244(d)(1)(D), which permits a statute of limitations to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); *see Whiteside*, 775 F.3d at 184 [4th Cir.] ("Decisions that change the legal significance of certain facts without modifying them do not qualify under (f)(4)."); *Phillips v. United States*, 734 F.3d 573, 580 (6th Cir. 2013) ("§ 2255(f)(4) is directed at the discovery of new facts, not newly-discovered law."); *Sun Bear v. United States*, 644 F.3d 700, 702 n.5 (8th Cir. 2011) ("[Petitioner] further alleged that [a Supreme Court decision] uncovered a 'fact' supporting his claim, making the motion timely under § 2255(f)(4). We agree with the district court that subsequent interpretations of the law can be the basis of delay in filing a § 2255 motion only in accordance with § 2255(f)(3)." (internal quotation marks omitted)); *Lo v. Endicott*, 506 F.3d 572, 575 (7th Cir. 2007) (rejecting argument "that a court decision

11

Circuit's decision in *Whiteside v. United States*.[12] The *Whiteside* petitioner filed a § 2255 motion to vacate his sentence in light of an intervening circuit decision, *United States v. Simmons*,[13] under which the petitioner's prior convictions would no longer qualify as career offender predicates. [14] Defending the timeliness of his motion, the petitioner argued that *Simmons* created a new fact within the meaning of § 2255(f)(4). [15] Rejecting the argument, the Fourth Circuit explained that "*Simmons* represented a change of law, not fact" because the decision "did not directly alter [the petitioner's]

---

can be a 'factual predicate' within the meaning of § 2244(d)(1)(D)"); *E.J.R.E.*, 453 F.3d at 1098 [8th Cir.] ("[A] decision taken from a federal court of appeals does not provide an independent basis to trigger the one-year statute of limitations provided under § 2255."); *Shannon v. Newland*, 410 F.3d 1083, 1088 (9th Cir. 2005) (an intervening state court decision does not constitute a "factual predicate" within the meaning of § 2244(d)(1)(D) where it "clarified the law, not the facts").

[12] 775 F.3d 180.

[13] 649 F.3d 237 (4th Cir.2011) (en banc).

[14] *Whiteside*, 775 F.3d at 182.

[15] *Id*. at 183.

legal status as a prior state offender."[16]  Instead, *Simmons* "announced a generally applicable legal rule" and "altered the legal significance of [the petitioner's] prior convictions without amending the convictions themselves."[17]  We agree and, like the Fourth Circuit, conclude that "[d]ecisions that change the legal significance of certain facts without modifying them do not qualify under [§ 2255](f)(4)."[18]

Seeking to evade this conclusion that intervening developments in case law are not new facts under § 2255(f)(4), McCloud attempts to draw a comparison to two cases—the Tenth Circuit's decision in *Easterwood v. Champion*[19] and the Supreme Court's decision in *Johnson v. United States*[20]— which involved intervening judicial opinions containing not only

---

[16] *Id*.

[17] *Id*. at 184.

[18] *Id*.

[19] 213 F.3d 1321 (10th Cir. 2000).

[20] 544 U.S. 295 (2005).

developments in case law but also newly available facts. We find neither analogy persuasive.

In *Easterwood v. Champion*, an intervening decision revealed factual information that the petitioner, seeking relief under 28 U.S.C. § 2254, intended to use to support his claims that he was insane at the time he committed his underlying offense and incompetent at the time of his trial.[21] Specifically, the intervening decision stated that the Government's medical expert—the same expert who had testified at the petitioner's trial that the petitioner was not insane or incompetent—"suffer[ed] 'from severe untreated bipolar disorder' which was possibly severe enough to 'impair and distort his diagnostic judgment.'"[22] This information is plainly factual in nature because it addresses not legal effects but rather the circumstances of the witness's medical history and judgment. Thus, *Easterbrook* is not

---

[21] 213 F.3d at 1322.

[22] *Id*. at 1323 (quoting *Williamson v. Ward*, 110 F.3d 1508, 1519 (10th Cir. 1997)).

helpful to McCloud because McCloud does not point to a single new piece of information contained in *Townsend*. He claims only that *Townsend* alters the legal effect of his prior conviction.[23]

Nor does *Johnson v. United States* help McCloud. There, an intervening decision vacated a prior conviction relied upon at the petitioner's sentencing.[24] The Supreme Court held that the intervening decision created a new fact because the vacatur was "subject to proof or disproof like any other factual issue."[25] The intervening decision "did not

---

[23] Moreover, the core issue in *Easterwood* was not whether the new information constituted a "factual predicate" under § 2244(d)(1)(D) but, rather, whether the petitioner's motion, filed more than a year after the intervening decision, was nonetheless timely because it was filed less than a year after the decision became accessible in the prison library. The Tenth Circuit concluded that, where facts to support a petitioner's claim are contained in a published opinion, the limitations period under § 2244(d)(1)(D) runs from "the date the opinion became accessible in the prison law library, not the date the opinion was issued," because "[h]olding that a prisoner could with 'due diligence' discover information related in a case before the prison law library has access to a copy of the opinion simply ignores the reality of the prison system." *Easterwood*, 213 F.3d at 1323. This case does not involve the diligence issue on which *Easterwood* primarily focused.

[24] 544 U.S. 295.

[25] *Id*. at 306–07 (citation omitted).

15

merely establish an abstract proposition of law; rather, it directly eliminated [the petitioner's] legal status as a convict."[26] Here, in contrast, *Townsend* leaves intact McCloud's legal status as a convict and, insofar as it might change the Guidelines implications of the conviction, that "is a ruling exclusively within the domain of the courts and is incapable of being proved or disproved."[27]

We therefore hold that *Townsend*, in pronouncing a new rule of law, gave rise to no new facts and thus did not extend the limitations period for McCloud's § 2255 motion. Because McCloud filed his motion approximately ten years after his judgment became final, well outside the applicable limitations period under § 2255(f)(1), the district court correctly denied the motion as untimely.

---

[26] *Shannon*, 410 F.3d at 1088–89.

[27] *E.J.R.E.*, 453 F.3d at 1098. Following *Johnson*, other courts of appeals have rejected interpretations of the case "as holding that *any* decision of *any* court acts as a factual predicate for purposes of extending the limitations period for habeas review." *Lo*, 506 F.3d at 575.

## III.  Conclusion

In sum, we hold that an intervening development in case law does not constitute a newly discovered fact within the meaning of § 2255(f)(4). We therefore **AFFIRM** the final order of the district court dismissing McCloud's § 2255 motion.