Hidalgo v. United States

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of May, two thousand twenty-one.

PRESENT:   ROBERT A. KATZMANN,
                      GERARD E. LYNCH,
                      WILLIAM J. NARDINI,
                            *Circuit Judges.*

───────────────────────────────

EFRAIN HIDALGO,

          *Petitioner-Appellant*,

          v.                                                                              No. 18-2703

UNITED STATES OF AMERICA,

          *Respondent-Appellee*.

───────────────────────────────

FOR PETITIONER-APPELLANT:          Robin Christine Smith (Leean Othman, *on the brief*), Law Office of Robin C. Smith, Esq., P.C., San Rafael, CA

FOR RESPONDENT-APPELLEE:                    Katherine A. Gregory, Assistant United States Attorney, *for* James P. Kennedy, Jr., United States Attorney for the Western District of New York, Buffalo, NY

On appeal from the United States District Court for the Western District of New York (Richard J. Arcara, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Petitioner-Appellant Efrain Hidalgo appeals from an order of the district court, entered August 8, 2018, denying his motion for relief under 28 U.S.C. § 2255. Hidalgo argues that his firearm conviction under 18 U.S.C. § 924 is invalid because it was not based on a valid "crime of violence" in light of *United States v. Davis*, 139 S. Ct. 2319 (2019), and *United States v. Barrett*, 937 F.3d 126 (2d Cir. 2019). We assume the reader's familiarity with the record.

We review *de novo* a district court's denial of a 28 U.S.C. § 2255 motion. *See McCloud v. United States*, 987 F.3d 261, 264 (2d Cir. 2021). As relevant here, 18 U.S.C. § 924(c) provides enhanced penalties for anyone who "uses or carries a firearm" in connection with a "crime of violence." *Id.* § 924(c)(1)(A). The statute defines a "crime of violence" as a felony that either "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another" (the "elements

2

clause"), or "(B) . . . by its nature involves, a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the "residual clause"). *Id.* § 924(c)(3)(A)-(B). In *Davis*, the Supreme Court held that the residual clause was unconstitutionally vague. *See* 139 S. Ct. at 2336. It did not disturb the elements clause. In *Barrett*, this Court found that Hobbs Act robbery conspiracy is not categorically a crime of violence in light of *Davis*. *See Barrett*, 937 F.3d at 130.

The record makes it abundantly clear that the predicate crimes underlying Hidalgo's § 924(c) conviction include attempted Hobbs Act robbery. Hidalgo claims that only Hobbs Act robbery conspiracy—not attempted Hobbs Act robbery—underlies his conviction. In support, he points to a single sentence in the transcript of his plea hearing in which the Government characterized the conduct underlying Hidalgo's § 924(c) charge as the discharge of "a firearm during a conspiracy *in* attempt to forcibly steal property and extort assets from" two persons. Appellant's App'x 41 (emphasis added). Even assuming the word "in" rather than "and" in the transcript is not just a typographical error, the entirety of the record—including the rest of the transcript— shows that Hidalgo knowingly acknowledged the use of a firearm "during a robbery attempt." *Id.* at 41.

3

Hidalgo also claims that attempted Hobbs Act robbery does not qualify as a crime of violence. But this argument is foreclosed by our recent decision in *United States v. McCoy* that "an attempt to commit Hobbs Act robbery . . . categorically qualifies as a crime of violence." 995 F.3d 32, 55 (2d Cir. 2021) (internal quotation marks and alteration omitted).

We have considered all of Hidalgo's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4