20-11-pr
*Simmons v. United States*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7ᵗʰ day of June, two thousand twenty-one.

PRESENT:   ROBERT D. SACK,
           DENNY CHIN,
           RAYMOND J. LOHIER, JR.,
                *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

TYRONE SIMMONS,
                *Plaintiff-Appellant*,

           -v-                                          20-11-pr

UNITED STATES OF AMERICA,
                *Defendant-Appellee*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


FOR PLAINTIFF-APPELLANT:        STEPHANIE M. CARVLIN, Law Office of
                                Stephanie M. Carvlin, New York, New York.

FOR DEFENDANT-APPELLEE: ROBERT B. SOBELMAN, Assistant United States Attorney (Karl Metzner, Assistant United States Attorney, *on the brief*), *for* Audrey Strauss, United States Attorney for the Southern District of New York, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Hellerstein, *J.*).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Plaintiff-appellant Tyrone Simmons appeals from an order of the district court, entered November 15, 2019, denying his motion for relief under 28 U.S.C. § 2255. On appeal, Simmons argues that his conviction for brandishing a firearm in furtherance of a "crime of violence" in violation of 18 U.S.C. § 924(c) should be vacated because: (1) the only predicate offense referenced in his plea agreement was a conspiracy to commit a Hobbs Act robbery, which does not constitute a "crime of violence" under 18 U.S.C. § 924(c); and (2) attempted Hobbs Act robbery was not a proper predicate offense for the 18 U.S.C. § 924(c) firearms charge because it was not referenced in his plea agreement and does not qualify as a "crime of violence" under 18 U.S.C. § 924(c). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Between July and December 2007, Tyrone Simmons, together with co-conspirators, attempted and committed multiple robberies against individuals and businesses. One especially violent incident occurred on or about July 14, 2007, when Simmons and others attempted to commit an armed robbery of a suspected drug dealer at an apartment in Yonkers, New York. Simmons and his co-conspirators restrained a male victim and searched the apartment for narcotics and money. Simmons then raped a female victim at the apartment.

In September 2010, Simmons was charged in a three-count Information with: (1) conspiracy to commit Hobbs Act robbery ("Count One"); (2) attempted Hobbs Act robbery ("Count Two"); and (3) violation of 18 U.S.C. § 924(c) by using a firearm in furtherance of a crime of violence -- specifically, in furtherance of Counts One and Two ("Count Three"). Simmons's plea agreement, however, only recited "the robbery conspiracy charged in Count One" as the predicate for Count Three. App'x at 17. Similarly, at Simmons's plea allocution, the government only recited the conspiracy count as the predicate for Count Three. But in pleading guilty to all three counts of the Information -- referenced throughout the plea allocution -- Simmons admitted that for the "robberies or attempted robberies between July 14, 2007 and December 10, 2007," App'x at 45, he used guns "[i]n all of them," including "the Yonkers one," for which he was "inside the apartment," "ha[d] a gun," "show[ed] that gun," and "use[d] that gun in effect to scare the person into compliance with what [Simmons] wanted to do," *id.* at 46.

Following his guilty plea, Simmons was sentenced to concurrent terms of 135 months' imprisonment for Counts One and Two and a consecutive term of 84 months' imprisonment for Count Three. On June 22, 2016, Simmons moved under 28 U.S.C. § 2255 to vacate his § 924(c) conviction. The district court denied the motion as noted above, and this appeal followed.

We review a district court's denial of a 28 U.S.C. § 2255 motion *de novo*. *McCloud v. United States*, 987 F.3d 261, 264 (2d Cir. 2021). As relevant here, a § 924(c) conviction "does not require the defendant to be convicted of (or even charged with) the predicate crime, so long as there is legally sufficient proof that the predicate crime was, in fact, committed." *Johnson v. United States*, 779 F.3d 125, 129 (2d Cir. 2015).

Here, although the plea agreement listed only the conspiracy count as the predicate for Simmons's § 924(c) conviction, Simmons admitted at his plea hearing that he committed attempted Hobbs Act robbery with a firearm and he pleaded guilty to Count Two, which charged him with attempted Hobbs Act robbery. This constitutes legally sufficient proof that Simmons committed the predicate crime of attempted Hobbs Act robbery. Accordingly, the district court did not err in concluding that "[t]he Information gave clear notice to Petitioner that both the Hobbs Act Conspiracy and the Hobbs Act Attempt were predicates for Count Three, the § 924(c) Count," and that "[Simmons's] allocution made it even clearer that the [§] 924(c) Count was, in fact, predicated upon the attempt." App'x at 162-63.

4

In his brief on appeal, which was filed before our recent decision in *United States v. McCoy*, 995 F.3d 32 (2d Cir. 2021), Simmons argued that attempted Hobbs Act robbery does not qualify as a "crime of violence" under 18 U.S.C. § 924. In *McCoy*, we rejected that argument, holding that "an attempt to commit Hobbs Act robbery . . . categorically qualifies as a crime of violence." 995 F.3d at 55 (internal quotation marks and alterations omitted). Hence, Simmons's argument fails.

\* \* \*

We have considered Simmons's remaining arguments and conclude they are without merit. For the foregoing reasons, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk