**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 27, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KENTRIEL DEJUAN THOMPSON,

Defendant - Appellant.

No. 21-6060
(D.C. Nos. 5:21-CV-00314-F &
5:12-CR-00102-F-1)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **McHUGH**, **MORITZ**, and **ROSSMAN**, Circuit Judges.
_____

Kentriel Dejuan Thompson, a federal prisoner appearing through counsel, seeks a

certificate of appealability (COA) to appeal from a district court order dismissing his

28 U.S.C. § 2255 motion as untimely.  We deny a COA and dismiss this matter.

**BACKGROUND**

In 2012, Thompson conditionally pled guilty to one count of being a felon in

possession of a firearm, reserving his right to appeal from the district court's denial of his

motion to suppress the firearm and his post-arrest statement admitting he had a firearm.

At sentencing, the district court noted he had at least three prior convictions for serious

_____

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

drug offenses that occurred on different dates, and it sentenced him under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), to 240 months' imprisonment with five years of supervised release. This court affirmed Thompson's conviction and sentence, *see United States v. Thompson*, 591 F. App'x 652, 653 (10th Cir. 2014), and the Supreme Court denied certiorari, *see* 575 U.S. 1004 (2015).

Nearly six years later, in April 2021, Thompson filed the instant § 2255 motion, seeking to vacate and correct his sentence. He argued that his prior drug convictions could not be used for an ACCA sentence for the reasons stated in *United States v. Cantu*, 964 F.3d 924, 926, 928 (10th Cir. 2020) (holding that prior convictions under Okla. Stat. tit. 63, § 2-401(A)(1), for drug offenses that occurred in 2010, could not support an ACCA sentence because "there are multiple means by which the Oklahoma statute can be violated, and some of those means do not satisfy the ACCA definition of serious drug offense" (emphasis omitted)). According to Thompson, without those predicate convictions, he would be subject to a maximum 120-month sentence. The district court dismissed Thompson's § 2255 motion as untimely and denied a COA.

## DISCUSSION

"The issuance of a COA is a jurisdictional prerequisite to an appeal from the denial of an issue raised in a § 2255 motion." *United States v. Gonzalez*, 596 F.3d 1228, 1241 (10th Cir. 2010). Because the district court dismissed Thompson's motion on a procedural ground, he can obtain a COA by showing "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in

2

its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We limit our analysis to the timeliness of Thompson's motion, as the answer to that issue "is more apparent from the record and arguments." *Id.* at 485.

Section 2255 motions are subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). Thompson maintains that his motion was timely filed within one year of his discovery of *Cantu*. As the district court recognized, although the limitations period can run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence," *id.* § 2255(f)(4), a change or clarification in existing law is not a fact that opens the one-year limitations window. *See McCloud v. United States*, 987 F.3d 261, 264, 265 n.11 (2d Cir. 2021) (joining the five circuit courts that have considered the issue and holding "that intervening developments in case law do not create new facts within the meaning of § 2255(f)(4)"). Thus, even assuming *Cantu*'s applicability to Thompson's § 2-401(A)(1) drug convictions, that case did not alter the fact of his convictions; rather, *Cantu* addressed "only . . . the legal effect of that fact—that is, whether the conviction[s] supported application of" an ACCA sentence. *McCloud*, 987 F.3d at 264; *see also Whiteside v. United States*, 775 F.3d 180, 184 (4th Cir. 2014) (en banc) ("Decisions that change the legal significance of certain facts without modifying them do not qualify under [§ 2255](f)(4)."). Reasonable jurists would not find the district court's § 2255(f)(4) ruling debatable.

The district court also rejected Thompson's argument that *Cantu* is retroactively applicable to his sentence. Although § 2255(f)(3) runs the limitations period from the date an asserted right was "initially recognized," it does so only "if that right [was] newly

3

recognized *by the Supreme Court* and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3) (emphasis added). Even assuming *Cantu* applies here, it is not a Supreme Court decision. Reasonable jurists would not find the district court's § 2255(f)(3) ruling debatable.

Alternatively, Thompson urged the district court to equitably toll the limitations period. "Equitable tolling of the limitations period is available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *United States v. Gabaldon*, 522 F.3d 1121, 1124 (10th Cir. 2008) (internal quotation marks omitted). Thompson asserts that he diligently pursued sentencing relief "through subsequent post-conviction filings up to the date of the instant motion." Aplt. Br. at 18. But he does not argue there were extraordinary circumstances beyond his control that delayed his filing.

Instead, he argues he is entitled to equitable tolling because his prior drug convictions are not ACCA predicates and he is serving an illegal sentence. The district court characterized this argument as asserting a claim of actual innocence, *see McQuiggin v. Perkins*, 569 U.S. 383, 392, 399 (2013) (holding that actual innocence can serve as a gateway to present time-barred claims), and denied it because "a defendant cannot be actually innocent of a noncapital sentence," *United States v. Denny*, 694 F.3d 1185, 1191 (10th Cir. 2012) (internal quotation marks omitted); *see also Laurson v. Leyba*, 507 F.3d 1230, 1232-33 (10th Cir. 2007) (rejecting defendant's attempt to bypass habeas time bar by arguing "that his sentence exceeded the permissible statutory range and that his crime had been placed in the wrong felony class for sentencing"); *accord*

4

*United States v. Pettiford*, 612 F.3d 270, 284 (4th Cir. 2010) (holding that a claim challenging classification of a conviction as an ACCA predicate "is not cognizable as a claim of actual innocence"). Thompson does not address the district court's rationale for rejecting his equitable-tolling argument, and he has not shown that the district court's rejection of his equitable-tolling and actual-innocence arguments is debatable.

## CONCLUSION

We deny a COA and dismiss this matter.

Entered for the Court

Nancy L. Moritz
Circuit Judge