24-391-pr
Kelsey v. United States

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of February, two thousand twenty-five.

PRESENT:  JOSÉ A. CABRANES,
     RAYMOND J. LOHIER, JR.,
     RICHARD J. SULLIVAN,
      *Circuit Judges.*

------------------------------------------------------------------

TONEY KELSEY,

    *Petitioner-Appellant*,

   v.                 No. 24-391-pr

UNITED STATES OF AMERICA,

    *Respondent-Appellee*.

------------------------------------------------------------------

FOR APPELLANT:                              PAUL SKIP LAISURE, Garden
                                            City, NY

FOR APPELLEE:                               NATHAN J. GUEVREMONT
                                            (Sandra S. Glover, *on the brief*),
                                            Assistant United States
                                            Attorneys, *for* Marc H.
                                            Silverman, Acting United
                                            States Attorney for the District
                                            of Connecticut, New Haven,
                                            CT

Appeal from an order of the United States District Court for the District of

Connecticut (Janet C. Hall, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

AND DECREED that the order of the District Court is AFFIRMED.

Toney Kelsey appeals from a final order entered in the United States

District Court for the District of Connecticut (Hall, *J.*) denying his motion for

relief under 28 U.S.C. § 2255.  We assume the parties' familiarity with the

underlying facts and the record of prior proceedings, to which we refer only as

necessary to explain our decision to affirm.

Kelsey was convicted after a jury trial of one count of conspiracy to

commit sex trafficking of a minor under 18 U.S.C. § 1594(c) and two counts of sex

trafficking of a minor under 18 U.S.C. § 1591(a)(1).  He was sentenced principally

to 180 months' imprisonment. His conviction was affirmed in *United States v. Kelsey*, 807 F. App'x 61 (2d Cir. 2020).

Kelsey collaterally attacks that conviction in this § 2255 action, arguing primarily that his trial counsel provided ineffective assistance by failing to adequately investigate his competency to stand trial. "[W]e review *de novo* a district court's denial of a § 2255 motion, though we review its subsidiary factual findings only for clear error." *McCloud v. United States*, 987 F.3d 261, 264 (2d Cir. 2021). The two-pronged test for demonstrating ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984), is well established. *See Gonzalez v. United States*, 722 F.3d 118, 130 (2d Cir. 2013). We need not address the first prong—whether counsel's performance was deficient—"[i]f it is easier to dispose of [the] ineffectiveness claim on the ground of lack of sufficient prejudice." *Strickland*, 466 U.S. at 697; *see also Garner v. Lee*, 908 F.3d 845, 861 (2d Cir. 2018).

On appeal, Kelsey principally argues that his trial attorneys were deficient in relying on the report and conclusion of Dr. Allissa Marquez, a doctor at a Federal Medical Center ("FMC"), that he was competent, without reviewing the medical records underlying that report or seeking a second opinion from Dr.

Rocksheng Zhong, who had previously concluded he was incompetent. We need not determine whether Kelsey's attorneys' assistance was deficient, however, because Kelsey fails to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Kovacs v. United States*, 744 F.3d 44, 51 (2d Cir. 2014) (quotation marks omitted).

In order for a defendant to be competent to stand trial, the court must find by a preponderance of the evidence that the defendant has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and that "he has a rational as well as factual understanding of the proceedings against him." *United States v. Brennan*, 928 F.3d 210, 215–16 (2d Cir. 2019) (quotation marks omitted). The District Court held an evidentiary hearing, consisting of four separate hearing days spanning a period of more than two months, on Kelsey's § 2255 motion and found that even if his trial counsel "had introduced Mr. Kelsey's underlying medical records from [the FMC] and testimony from Dr. Zhong at the competency hearing on April 30, 2018, the court still would have determined that the government satisfied its burden of demonstrating that Mr. Kelsey was competent." *Kelsey v. United States*, No. 20-

4

CV-97, 2023 WL 8653926, at \*17 (D. Conn. Dec. 14, 2023). After considering all the evidence Kelsey contends should have been reviewed and introduced by his trial counsel in the first instance, we conclude that the District Court's finding that Kelsey was competent at the time of his trial was not clearly erroneous.

Kelsey counters that the District Court's reliance on Dr. Marquez's report and testimony was misplaced because of what he alleges are deficiencies in the report's methodology and conclusions. He also attacks the District Court's competency determination as being in conflict with both the underlying FMC records and Dr. Zhong's testimony during his § 2255 hearing. Upon careful review of the record, however, we conclude that the competency determination fell within the range of permissible interpretations that could be drawn from the evidence. Among other things, the span of time over which Dr. Marquez was able to observe Kelsey and the fact that Dr. Marquez's medical conclusions "better align[ed]" with the District Court's own perception of Kelsey's conduct, "borne out of extensive observations and interactions in court," support the District Court's decision to credit her report and testimony. *Id.* at \*18. "[W]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *United States v. Norman*, 776 F.3d 67, 76 (2d

5

Cir. 2015) (quotation marks omitted). We thus decline to disturb the District Court's finding that Kelsey was competent at the time of his trial. In light of that conclusion, Kelsey cannot show prejudice as he is required to under *Strickland*.

Kelsey also contends that trial counsel rendered ineffective assistance by failing to review discovery with him ahead of trial (and prior to the hearing in which he rejected a plea agreement). We reject this claim because Kelsey fails to show that he was prejudiced by counsel's purported failure. In particular, he does not assert that he would have accepted a plea bargain or pursued a different trial strategy had he been given more notice of the Government's case against him. *See Garner*, 908 F.3d at 861–62.

We have considered Kelsey's remaining arguments and conclude that they are without merit. For the foregoing reasons, the order of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6