25-994-pr
Dhar v. United States

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of June, two thousand twenty-six.

PRESENT:  BARRINGTON D. PARKER,
                  RAYMOND J. LOHIER, JR.,
                  MICHAEL H. PARK,
                          *Circuit Judges*.

-------------------------------------------------------------------

VISHAL DHAR,

　　　　　*Petitioner-Appellant*,

　　v.　　　　　　　　　　　　　　　　　　　　No. 25-994-pr

UNITED STATES OF AMERICA,

　　　　　*Respondent-Appellee*.

-------------------------------------------------------------------

FOR PETITIONER-APPELLANT:  ALEXANDER T. TAUBES, Law Offices of Alexander T. Taubes, PLLC, New Haven, CT

FOR RESPONDENT-APPELLEE:  DAVID T. HUANG (Katherine E. Boyles, *on the brief*), Assistant United States Attorneys, *for* David X. Sullivan, United States Attorney for the District of Connecticut, New Haven, CT

Appeal from an order of the United States District Court for the District of Connecticut (Stefan R. Underhill, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the District Court is AFFIRMED.

Vishal Dhar appeals from the April 16, 2025 order of the United States District Court for the District of Connecticut (Underhill, *J.*) denying his habeas petition under 28 U.S.C. § 2255. Dhar was convicted, following his plea of guilty, of one count of tax evasion in violation of 26 U.S.C. § 7201 and sentenced principally to a term of imprisonment of twelve months and one day. We granted a certificate of appealability with respect to whether Dhar received ineffective assistance of counsel arising from his attorney's advice about the possible immigration consequences of his guilty plea. We assume the parties'

2

familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

"[W]e review *de novo* a district court's denial of a § 2255 motion, though we review its subsidiary factual findings only for clear error." *McCloud v. United States*, 987 F.3d 261, 264 (2d Cir. 2021). For ineffective assistance of counsel claims, we apply the well-established two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Gonzalez v. United States*, 722 F.3d 118, 130 (2d Cir. 2013). We need not address the first prong, whether counsel's performance was deficient, where, as here, we "dispose of [the] ineffectiveness claim on the ground of lack of sufficient prejudice." *Strickland*, 466 U.S. at 697; *see also Garner v. Lee*, 908 F.3d 845, 860–61 (2d Cir. 2018).

The District Court found defective counsel's legal advice that Dhar would be removed from the United States only if he received a custodial prison sentence. Dhar asserts that the advice persuaded him to proceed with his guilty plea rather than negotiate different terms or go to trial. We disagree.

Even assuming counsel misadvised Dhar as to the immigration consequences of his guilty plea, Dhar has not "demonstrated a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and

would have insisted on going to trial," *Farhane v. United States*, 121 F.4th 353, 376 (2d Cir. 2024) (citation modified), or "could have negotiated a plea that did not impact [his] immigration status," *Kovacs v. United States*, 744 F.3d 44, 52 (2d Cir. 2014). While we credit Dhar's "strong connection to, and desire to remain in, the United States," we see no "contemporaneous evidence to substantiate [his] expressed preferences" that he would not have pleaded guilty if he accurately understood the associated immigration consequences. *Doe v. United States*, 915 F.3d 905, 912 (2d Cir. 2019) (citation modified). To the contrary, the record suggests that Dhar intended to accept the plea *before* the alleged misrepresentations by counsel and entered his plea *after* having been correctly informed of the possible immigration consequences by the District Court.

Dhar responds that his intent prior to the District Court's acceptance of his plea is irrelevant; all that counts, he insists, is his intent at the moment he pleaded guilty. That's not quite right. Understanding how counsel's inaccurate advice "affected [a defendant's] decisionmaking" entails a "case-by-case examination of the totality of evidence." *Jae Lee v. United States*, 582 U.S. 357, 367–68 (2017) (citation modified); *see Farhane*, 121 F.4th at 376. Reviewing the

4

totality of the evidence here, we see no error in the District Court's finding that Dhar understood that deportation was the likely consequence of his guilty plea.

Still urging a contrary conclusion, Dhar contends that the District Court improperly relied on "generic warnings to cure specific misadvice" from counsel. Appellant's Br. 16. We disagree. Even if we accepted Dhar's description of the plea agreement's warnings—including that his conviction entailed mandatory deportation—as "generic," the District Court relied on more than the plea agreement to support its finding that Dhar understood the immigration consequences of pleading guilty. For example, the court pointed to the plea colloquy, in which Dhar indicated that he "under[stood]" the "strong likelihood that [he] will be deported," Gov't App'x 35, the otherwise accurate legal advice Dhar received throughout counsel's representation, and Dhar's own sentencing memorandum acknowledging that he took "responsibility . . . knowing that he likely will be deported from the United States at the conclusion of the matter," Gov't App'x 73. That the District Court credited this contemporaneous evidence rather than Dhar's contradictory "*post hoc* assertions" does not undermine its decision. *Doe*, 915 F.3d at 912 (citation modified).

We have considered Dhar's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the order of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
